**SO ORDERED.**

**SIGNED this 5 day of October, 2015.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIMBERLY DENISE ROBINSON | ) | CASE NO. 15-01877-5-DMW |
| | ) | |
| SSN: xxx-xx-2251 | ) | |
| | ) | |
| DEBTOR | ) | |

### CONSENT ORDER RESOLVING THE MOTION FOR IN REM RELIEF FROM STAY APPLYING 11 U.S.C. § 362(d)(4) FILED BY SELENE FINANCE, LP

  THIS MATTER comes before this Court upon the Motion For In rem Relief from Stay Applying 11 U.S.C. § 362(d)(4) filed by Selene Finance, LP as servicer for Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-9 ("SF") and Response in Opposition filed by the Debtor and it appearing that the parties have reached a compromise settlement of the issues in controversy prior to hearing of this matter and the Court finds the following:

1. On or about, December 15, 2000, Derryl B. Robinson executed a Deed of Trust and Note in the original principal amount of $69,750.00. SF is a secured creditor in this bankruptcy case, holding a Note secured by a Deed of Trust on the Debtor's primary residence located at 2549 Gainey Road, Fayetteville, North

   Carolina, and more particularly described in a Deed of Trust recorded in Book 5386, Page 0090, Cumberland County Registry, North Carolina.

2. On or about April 3, 2015, the Debtor filed for relief under chapter 13 of the United States Bankruptcy Code.

3. On or about July 2, 2015, SF filed a Motion For In Rem Relief from Stay Applying 11 U.S.C. § 362(d)(4) ("Motion").

4. On or about July 15, 2015, the Debtor filed a Response in Opposition to the SF's Motion stating that the Motion should be denied.

5. In an effort to avoid further costs and litigation in this matter, all parties have ; to settle their differences.

**WHEREFORE,** based upon the foregoing stipulated facts, and with the consent of all parties, it is hereby **ORDER**, **ADJUDGED** and **DECREED** that:

1. SF's Motion is hereby resolved;

2. That as to SF, pursuant to 11 U.S.C. § 362(c)(3)(b), the automatic stay contained in § 362(a) is extended and that the full protections of the automatic stay be extended in this case until they would terminate under § 362(c) (1) or (2), or until further orders of the Court, subject to the condition that for twelve (12) months following the entry of this order and consistent with the present consent order with the Chapter 13 trustee, the Debtor shall make their Chapter 13 plan payments to the Chapter 13 Trustee by the thirtieth (30th) day of each month the plan payment becomes due;

3. If the Debtor fails to make payments at any time as described in paragraph two (2) the automatic stay and restraining order entered in this case are hereby modified without further notice or hearing and the Debtor's property is released the automatic stay of § 362(a) and 1301 (c) should be and hereby is lifted immediately in favor of SF without further notice, hearing, or order of this Court, to permit SF to pursue any and all rights or remedies SF enjoys under its loan documents with the Debtor and/or applicable non-bankruptcy law;

4. Upon receipt by the Trustee of any Notice of Default and Lifting of the Stay by SF, the Trustee is authorized to cease disbursements to SF on its allowed secured claim;

5. The Chapter 13 Trustee is authorized to disburse to SF post-petition adequate protection payments consisting of the contractual mortgage payments for the months of May 2015, until the confirmation of the plan, when the trustee will be disbursing payments in compliance with the confirmation of the Chapter 13 plan.

6. If this bankruptcy is dismissed for any reason, the Debtor shall be barred from filing a subsequent bankruptcy petition in any district in the United States for a period of one hundred and eighty (180) days from the date the dismissal order is entered; and

7. In the event relief from the automatic stay is obtained, the Creditor shall not be required to file a Notice of Mortgage Payment Change or a response to the Trustee's Notice of Final Cure contemplated by Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

We Consent:
s/S. Troy Staley
S. Troy Staley
N.C. State Bar No. 43329
Hutchens Law Firm
Post Office Box 2505
Fayetteville, North Carolina 28311
Telephone: (910) 864-2668
Email: troy.staley@hutchenslawfirm.com
*Attorneys for Selene Finance, LP*

**No Protest/ No Objection:**

s/Joseph A. Bledsoe, III
Joseph A. Bledsoe, III,
Chapter 13 Trustee
N.C. State Bar No. 19817
PO Box 1618
New Bern, NC 28563

s/Cliff Brisson
CLIFF BRISSON, JR.
PO Box 1180
N.C. State Bar No: 8193
Fayetteville, NC 28302-1180
Telephone: (910) 483-0131
Fax: (910) 483-4120
Attorney for the Debtor

**END OF DOCUMENT**